**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT WILSON DENT** | **: CIVIL ACTION** |
| | **:** |
| **v.** | **: NO. 25-394** |
| | **:** |
| **BERKS COUNTY SHERIFF, CITY OF** | **:** |
| **READING, MATTHEW C. JONES,** | **:** |
| **DANIEL MCCARTIN, RANDY IRWIN** | **:** |

## MEMORANDUM

**KEARNEY, J.**                                                                                   **April 22, 2025**

The Commonwealth presently detains Robert Wilson Dent in pretrial custody at SCI Forest while he awaits trial on August 2020 criminal charges of possessing controlled substances in Berks County. We dismissed Mr. Dent's constitutional violation claims in 2022 against police officers and investigators, state court judges, parole supervisors and managers, and his former lawyer for conduct relating to Mr. Dent's arrest and ongoing prosecution for this same charge. Mr. Dent pro se returns challenging the same arrest while he still awaits his Berks County controlled substances possession trial delayed because, among other reasons, COVID mitigation and Mr. Dent's several interlocutory state court appeals.

We granted Mr. Dent leave to proceed without paying the filing fees a few weeks ago and we must now screen his renewed claims before issuing summons. The legal principles remain the same in 2025 as they did in 2022: we cannot enjoin the ongoing state court prosecution and he cannot seek damages for his civil rights claims without pleading facts allowing us to plausibly infer a basis for these claims. We grant leave to plead facts supporting his damages claims before we consider whether to stay sufficiently pleaded damages claims based on abstention.

## I.    Pro se alleged facts and public record

Reading City Police Officer Timothy J. Morris stopped Mr. Dent for a motor vehicle violation on August 13, 2020.[1] Officer Morris stopped Mr. Dent because Mr. Dent did not activate his turn signal when leaving a parking lot.[2] Officer Morris believed Mr. Dent drove his car while impaired.[3] Officer Morris saw a bag in the car door while he escorted Mr. Dent out of his vehicle.[4] Officer Morris seized the bag.[5] Officer Morris took Mr. Dent to jail.[6] Officer Morris administered a breathalyzer test and "released [him] the same morning."[7] Mr. Dent admits Officer Morris found crack cocaine in the bag he seized from Mr. Dent's car.[8]

Officer Morris filed a police criminal complaint against Mr. Dent three months later with an attached affidavit of probable cause.[9] The affidavit of probable cause stated[10]:

**POLICE CRIMINAL COMPLAINT**

| Docket Number: CR-416 20 | Date Filed: 11/18/2020 | DTN/LiveScan Number LL 939373-3 | | Complaint/Incident Number 2020-35690 | |
|---|---|---|---|---|---|
| Defendant Name | First ROBERT | | Middle WILSON | Last | DENT |

### AFFIDAVIT OF PROBABLE CAUSE

On 08/13/2020 at approximately 0315 hrs I was operating a marked Reading Patrol unit in full duty uniform. I observed a blue Ford Mustang pull out of the Getty parking lot at 250 W Greenwich St. The mustang did not have a turn signal activated as it turned south onto Schuylkill Ave. The vehicle turned right onto W Green St and then turned right onto Miltimore St. As it turned right onto Miltimore St I again observed that it did not use a turn signal.

I conducted a traffic stop on the Mustang. I identified the driver as Robert Wilson Dent. As I was speaking with the driver I observed that his speech was slurred. When I asked him for his identification he handed me a paper towel. I asked him if he had anything to drink that night. He replied that he had a beer and a shot.

I asked the defendant to step out of the vehicle to conduct field sobriety tests on him. As he opened the drivers door I observed a small clear tied off plastic sandwich baggie containing suspected crack cocaine inside the drivers side door panel.

VICE CI Darren Smith completed a search warrant for the vehicle. He located (1) tied off plastic sandwich baggie containing suspected crack cocaine (Schedule II) in the drivers door and (1) orange pill bottle containing (26) blue pills suspected Alprazolam (Schedule IV) on the front passenger seat.

The items were sent to the PSP state lab for drug identification. I received the test results showing a positive test for Cocaine and a positive test for Alprazolam.

Based on the investigation conducted and the information received I respectfully request that a summons be issued for the defendant on the aforementioned charges in this complaint.

2

Magisterial District Judge Alvin B. Robinson issued a search warrant for Mr. Dent's car on November 24, 2020.[11] Officer Morris and Criminal Investigator Darren Smith searched Mr. Dent's car.[12] Mr. Dent does not plead the results of the search. The Berks County Court of Common Pleas Criminal Docket shows a "receipt/inventory of seized property" on November 24, 2020.[13]

The Magisterial District Court issued a first-class summons on December 30, 2020.[14] The Magisterial District Court scheduled a preliminary hearing on February 12, 2021.[15] The Magisterial District Court scheduled a bail hearing on February 12, 2021.[16]

The Reading City Police arrested Mr. Dent on February 24, 2021 on charges of possession of a controlled substance.[17] Mr. Dent pleads the Reading City Police arrested him without a warrant or probable cause because Magistrate Judge Robinson "[d]id not separately sign and seal the affidavit of probable cause" on the warrant.[18] Mr. Dent pleads the Berks County Sheriff did not ensure they presented Mr. Dent before an issuing magistrate judge within forty-eight hours of his warrantless arrest.[19] This February 24, 2021 arrest is not on his criminal docket.

Public records confirm the Commonwealth began maintaining pretrial custody over Mr. Dent on March 26, 2021.[20] Judge Butler set bail on April 16, 2021 on two charges of intentional possession of a controlled substance under Pennsylvania's Controlled Substance, Drug, Device, and Cosmetic Act and bound the case over for trial.[21]

Mr. Dent *pro se* petitioned to recuse Judge Parisi on January 18, 2022.[22] Judge Parisi denied Mr. Dent's petition on April 11, 2022.[23]

Mr. Dent sued here on February 25, 2022, challenging his arrest and detention. We abstained from interfering with Mr. Dent's state court criminal proceeding on March 23, 2022.[24] We denied Mr. Dent's request to then enjoin the same criminal case and dismissed Mr. Dent's civil rights claims without prejudice for failing to state a claim.[25] We dismissed Mr. Dent's civil rights

claims as we cannot interfere in an ongoing state court criminal proceeding and denied his motion for a preliminary injunction.[26]

### Pretrial activity in Berks County since March 2022.

The Commonwealth and Mr. Dent continue working towards resolving the charges against him after we dismissed his federal claims in March 2022. Mr. Dent filed interlocutory appeals from state court orders with the Pennsylvania Superior Court and Pennsylvania Supreme Court.[27] The Superior Court now has six separate dockets involving interlocutory appeals from Mr. Dent's state criminal action.[28] Mr. Dent petitioned for a writ of prohibition in the Pennsylvania Supreme Court on March 24, 2023.[29] The Pennsylvania Supreme Court denied Mr. Dent's petition on June 30, 2023.[30] Mr. Dent filed his most recent notice of appeal with the Superior Court on September 7, 2023.[31]

Mr. Dent moved to dismiss the ongoing criminal action against him under Pennsylvania Rule of Criminal Procedure 600 on August 28, 2024.[32] Judge Parisi scheduled a Rule 600 hearing on January 10, 2025, a day before Mr. Dent filed this case.[33]

Mr. Dent still awaits trial on the same charges we reviewed three years ago.[34]

## II.    Analysis

Mr. Dent continues to challenge his ongoing charges in Berks County. He also returns here seeking relief challenging the same arrest and pretrial detention we reviewed three years ago. He now *pro se* sues the unidentified "Berks County Sheriff," the City of Reading, Parole Supervisor Matthew C. Jones, Parole Agent Daniel McCartin, and Warden Randi Irwin at SCI Forest. We granted Mr. Dent leave to proceed *in forma pauperis*.[35] We screened Mr. Dent's claims.[36] We must dismiss this case for the same reasons we did almost three years ago. We dismiss his injunction claims because of Mr. Dent's ongoing state court proceeding. Mr. Dent also did not plead a right

to damages under federal law against his parole officers, the Berks County Sheriff, the City of Reading, or the warden of SCI Forest. We will grant him leave to amend if he can state civil rights claims for damages.

### A. We dismiss Mr. Dent's request to enjoin the ongoing state criminal proceeding.

Mr. Dent again asks we enjoin and declare the actions associated with his arrest and detention unconstitutional while he continues to challenge the merits of his arrest in state court.[37] Mr. Dent asks we order the state actors "to cease their illegal kidnapping and [u]nlawful [d]etention."[38] We must abstain from deciding these issues while the merits of his arrest are subject to an ongoing criminal proceeding.

The Supreme Court directs us to abstain from deciding issues in a pending state criminal prosecution under *Younger v. Harris*.[39] To promote comity between the national and state governments, *Younger* requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings.[40] The Supreme Court directs us to limit abstention under *Younger* to "three exceptional circumstances": (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.[41] Mr. Dent's claims fall squarely within the first category. There is an ongoing state criminal prosecution against Mr. Dent, *Commonwealth v. Dent,* in the Berks County Court of Common Pleas, criminal docket No. CP-06-CR-1299-2021.

We then move to the second stage of our analysis. We consider three factors articulated by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Association* for the second stage: whether "(i) there is an ongoing state judicial proceeding (ii) that implicates

important state interests and (iii) provides an adequate opportunity to raise constitutional challenges."[42] We must abstain under the *Younger* teaching if these factors apply.

Mr. Dent remains a defendant in the same ongoing state criminal prosecution like we found three years ago.[43] Granting Mr. Dent's request for injunctive relief and releasing him from state detention would interfere with the ongoing criminal proceeding in the Berks County Court of Common Pleas. The Commonwealth's criminal action against Mr. Dent implicates the Commonwealth's interest in enforcing its criminal laws.[44] And Mr. Dent may raise his constitutional violation claims surrounding his arrest and detention in the ongoing criminal proceeding against him in Berks County.[45]

Finding abstention warranted, we then must decide between "two possible dispositions: stay or dismissal."[46] If the claims are only for injunctive or declaratory relief, "a federal court must dismiss the case."[47] "If the federal lawsuit seeks only damages, then a federal court cannot dismiss the suit but may, in its discretion, stay the case for the pendency of the state proceedings."[48] "[I]f a suit with a claim for damages also seeks injunctive or declaratory relief, a federal court has discretion not only to stay the damages claim but also dismiss any claims for injunctive and declaratory relief outright or to stay them, potentially alongside the stayed claim for damages."[49]

Mr. Dent requests injunctive relief, declaratory relief, and damages.[50] We abstain from hearing Mr. Dent's request for a preliminary injunction and his request for declaratory judgment under *Younger* and we dismiss those claims without prejudice to his pursuing relief in state court.

### B. We again dismiss damages claims against Parole Supervisor Jones, Parole Agent McCartin, and Warden Irwin in their official capacities with prejudice.

Mr. Dent sues the same parole agents he did in 2022 in their official capacities for the same alleged constitutional violation.[51] Mr. Dent again pleads the parole agents Jones and McCartin arrested him "without probable cause, an arrest warrant or a warrant to commit."[52] Mr. Dent also

6

sues SCI Forest Warden Irwin in his official capacity.[53] Mr. Dent pleads Warden Irwin's involvement to the extent he "is the [s]uperintendent and is currently depriving [Mr. Dent] of his [l]iberty, against his own [f]ree [w]ill."[54]

"[A]n official capacity suit against a state official is really a suit against the state[.]"[55] In Pennsylvania "[s]tate parole agents are employed by the Pennsylvania Board of Probation and Parole."[56] And "Prison Officials are employees of the Pennsylvania Department of Corrections[.]"[57] Therefore, Mr. Dent's official capacity claims against those defendants are essentially claims against the Commonwealth.

States and state actors are immune from suits for money damages under the Eleventh Amendment unless: "(1) . . . the Commonwealth waived its immunity; or (2) . . . Congress abrogated the States' immunity pursuant to a valid exercise of its power."[58] "The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983."[59]

Parole Supervisor Jones, Parole Agent McCartin, and Warden Irwin are Commonwealth employees entitled to Eleventh Amendment immunity from damages suit in their official capacities. This immunity only applies to suits against state actors in their official capacity and does not bar claims against these state actors in their individual capacities.[60]

We dismiss Mr. Dent's claims against Parole Supervisor Jones, Parole Agent McCartin, and Warden Irwin in their official capacities with prejudice.[61]

### C. We dismiss Mr. Dent's remaining civil rights claims for damages without prejudice.

Mr. Dent also seeks compensatory and punitive damages for alleged constitutional violations associated with his arrest and detention, specifically damages "due to [m]ental and [e]motional [s]uffering."[62] We now address whether Mr. Dent pleads a civil rights claim for

7

compensatory and punitive damages. We will not retain jurisdiction and then stay this case if Mr.

Dent does not first plead a claim subject to an abstention stay. Mr. Dent does not state a claim

against the Berks County Sheriff, the City of Reading, his parole agents, or Warden Irwin. We

grant him leave to plead these damages claims and, if then warranted, may stay further progress

pending resolution of the underlying criminal proceeding in Pennsylvania state court.

### 1. Mr. Dent does not plead facts allowing us to plausibly infer claims against the Berks County Sheriff, Warden Irwin, or Mr. Dent's parole officers in their individual capacities.

Mr. Dent does not presently plead claims against a Defendant in his individual capacity.

### a. Mr. Dent does not plead facts allowing us to plausibly infer personal involvement of the Berks County Sheriff or Warden Irwin in their individual capacities.

Mr. Dent sues the Berks County Sheriff and SCI Forest Warden Irwin in their individual

capacities.[63] He does not plead their personal involvement in the alleged constitutional violations.

We dismiss the damages claims against the Sheriff and Warden without prejudice to timely amend

to plead personal involvement.

To sue a municipal employee in their individual capacity, Mr. Dent must plead the existence

of personal involvement.[64] "Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence. Allegations of participation or actual

knowledge and acquiescence, however, must be made with appropriate particularity."[65] In this

context, our Court of Appeals has held "a civil rights complaint is adequate where it states the

conduct, time, place, and persons responsible."[66]

Mr. Dent does not plead facts showing the Berks County Sheriff's personal involvement

with Mr. Dent's alleged constitutional violations. Mr. Dent does not identify the Berks County

Sheriff by name. But he sues the office of Berks County Sheriff for deprivation of his constitutional

8

rights acting under the color of law.[67] Mr. Dent pleads the Berks County Sheriff maintained an "[u]nconstitutional policy," which led to Mr. Dent's alleged injuries.[68] Mr. Dent pleads the "Berks County Sheriff is Legally responsible for the overall operations of Transporting Prisoner back and forth to Court Proceeding's" and did not "ensure that [Mr. Dent] was presented . . . for an initial hearing or arraignment."[69] Mr. Dent pleads the Berks County Sheriff provided "a false statement where his document establishes a pattern of Fraudulent activities and Perjury."[70] Mr. Dent pleads the "Sheriff document Falsely States[]'The BERKS COUNTY SHERIFF'S OFFICE, CENTRAL BOOKING CENTER Processed a defendant on an arrest/warrant, of which original charges were filed by Magisterial District. This is False as Fraud was born or birth."[71]

The Supreme Court through Rule 8 of the Federal Rules of Civil Procedure requires all persons seeking relief to plead a short and plain statement of their claims.[72] We are not sure what Mr. Dent is claiming. Mr. Dent seems to plead the Berks County Sheriff provided a false statement, but we are unsure about where or when the Berks County Sheriff provided this alleged false statement. Mr. Dent does not plead the name of the Berks County Sheriff at the time of his arrest so we do not know what Mr. Dent claims regarding the unidentified Sheriff's personal involvement.

Mr. Dent also does not plead facts showing Warden Irwin's personal involvement with alleged constitutional violations. Mr. Dent pleads Warden Irwin is "legally responsible for the operations at SCI Forest" and, therefore, "is currently depriving Plaintiff of his Liberty, against his own Free Will."[73] Mr. Dent does not plead a short and plain statement of his claim against Warden Irwin as required by Rule 8. Our colleagues have found pleading a warden is responsible for a Facility's operations, without more, does not constitute personal involvement through personal direction.[74] "It is evident that Plaintiff named Warden [Irwin] as a defendant simply by virtue of

his supervisory position, which, by itself, is insufficient to establish personal involvement in wrongdoing."[75] The Commonwealth confines Mr. Dent at SCI Forest while he awaits his criminal trial in the Berks County Court of Common Pleas. Mr. Dent does not plead Warden Irwin's personal involvement in the alleged constitutional violations.

We allow Mr. Dent leave to timely amend if he can plead the Berks County Sheriff's and Warden Irwin's personal involvement in Mr. Dent's alleged constitutional claims.

### b. Mr. Dent does not plead sufficient facts to support civil rights claim against his parole officers in their individual capacities.

Mr. Dent pleads facts showing his parole officers' personal involvement with Mr. Dent's alleged constitutional violations, but he does not plead sufficient facts to allege civil rights claims against them.

Mr. Dent pleads "Defendant Matthew C. Jones Parole Supervisor is legally responsible for operations of Training and Supervising of Parole Agent's, for the City of Reading" and "Defendant Daniel McCartin Parole Agent holds the rank of Parole Agent for The City of Reading, Supervising the Parolee's in the City of Reading."[76] Mr. Dent pleads "Parole Agent, Daniel J. Mccartin appeared at my apartment and informed plaintiff that allegedly charges were being filed, but he could not give any details."[77] Mr. Dent pleads his parole officers violated his constitutional rights by rearresting him on February 24, 2021 "without probable cause, an arrest warrant or a warrant to commit."[78] These allegations are sufficient to show the parole officers' personal involvement.

But Mr. Dent does not plead sufficient facts to allege civil rights claims against them. The Fourth Amendment to the Constitution of the United States protects individuals "against unreasonable searches and seizures[.]"[79] An arrest made without probable cause creates and action for false arrest under section 1983.[80] In determining whether probable cause existed at the time of

10

an arrest, we apply an objective standard based on "the facts available to the officers at the moment of arrest."[81]

A criminal case in Pennsylvania ordinarily commences when a police officer arrests a suspect and files a criminal complaint—and an accompanying affidavit of probable cause—with a magisterial district judge.[82] This is what happened in Mr. Dent's case.[83]

The affidavit of probable cause attached to the criminal complaint Officer Morris filed against Mr. Dent recounted Officer Morris initially arresting Mr. Dent on August 13, 2020; the controlled substances found inside the vehicle pursuant to a search warrant; and officers sending out the seized controlled substances for forensic testing to confirm their illegality.[84] The next step under Pennsylvania criminal procedure is arraignment of the defendant.[85] And the authority did, in fact, arraign Mr. Dent.[86] "To arrive at this stage, a criminal complaint had to be filed and an arrest warrant or summons issued by a [judge] based on a finding of probable cause that a crime had been committed."[87] Mr. Dent has not alleged arrest without probable cause in violation of the Fourth Amendment.[88]

We allow Mr. Dent leave to timely amend if he can plead state actors arrested him for reasons unrelated to the pending criminal complaint filed against him.

### 2. Mr. Dent does not plead facts allowing us to plausibly infer claims against the Berks County Sheriff, Warden Irwin, or Mr. Dent's parole officers in their official capacities.

Mr. Dent does not presently plead claims against a Defendant in an official capacity.

### a. Mr. Dent does not plead facts allowing us to plausibly infer a municipal liability claim against the Sheriff in his official capacity or the City of Reading.

Mr. Dent also refers to claims against the unnamed Sheriff in his official capacity and municipal liability against the City of Reading. Official capacity claims are indistinguishable from claims against the official's employing entity.[89] Mr. Dent's claim against the unnamed Sheriff in

11

his official capacity is treated like a municipal liability claim against Berks County. He does not plead a claim against either Berks County or the City of Reading. We dismiss with leave to amend if he can do so.

Mr. Dent sues the unidentified Sheriff in their official capacity. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity" the sheriff represents.[90] Whether a sheriff is a state or county official depends on the local government laws of the state.[91] Mr. Dent's claims against the Berks County Sheriff in their official capacity are claims against Berks County. Mr. Dent pleads the Berks County Sheriff "employed and implemented Policies that Violated The Fourth Amendment."[92] Mr. Dent pleads the "Berks County Sheriff is Legally responsible for the overall operations of Transporting Prisoner back and forth to Court Proceeding's" and did not "ensure that [Mr. Dent] was presented . . . for an initial hearing or arraignment."[93] Mr. Dent pleads the Berks County Sheriff provided "a false statement where his document establishes a pattern of Fraudulent activities and Perjury."[94] Mr. Dent pleads specifically the Berks County Sheriff did not present Mr. Dent before an issuing magistrate district judge for an initial hearing or arraignment "within [forty-eight] hours of a warrantless arrest."[95]

Mr. Dent similarly pleads the City of Reading "employed and implemented Policies that Violated The Fourth Amendment."[96] Mr. Dent pleads the City of Reading "did not ensure that [Mr. Dent] was presented . . . for an initial hearing or arraignment" within forty-eight hours of a warrantless arrest as a municipal policy.[97]

Mr. Dent must plead a policy or custom enacted by Berks County or the City of Reading which caused the alleged violation of his constitutional rights.[98] "[W]hen a suit against a municipality is based on [section] 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially

adopted by the governing body or informally adopted by custom."[99] "A 'policy' exists when a municipal decisionmaker with final authority issues an official proclamation or edict."[100] "[T]he lack of a policy is not a policy."[101] A "custom" exists when "practices of state officials [are] so permanent and well settled as to virtually constitute law."[102] "Vague assertions" of a policy or custom are not sufficient to impose liability.[103] Berks County or the City of Reading can only be liable for the Sheriff's actions if they constitute a policy or custom.[104]

Mr. Dent argues the Supreme Court's analysis in *County of Riverside v. McLaughlin* established he was entitled to a hearing within forty-eight hours of arrest.[105] The Supreme Court in *McLaughlin* held: "[w]here an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. Nor, for that matter, do intervening weekends. A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest."[106]

We agree as a matter of law there is a general rule (with exceptions) entitling criminal defendants to a probable cause determination within a reasonable period of time following their arrest. But Mr. Dent does not plead the officers arrested him without probable cause because the Commonwealth had filed a criminal complaint against him months earlier. Mr. Dent does not plead when his alleged detainment without an "initial hearing or arraignment" occurred.[107] Mr. Dent pleads his August 13, 2020 arrest but pleads his release "the same morning."[108] He pleads his February 24, 2021 arrest, but according to his criminal docket, the Commonwealth filed charges

13

against Mr. Dent before this arrest.[109] If the Berks County Sheriff arrested Mr. Dent without a warrant, he does not plead a timeline from when his arrest occurred until his preliminary arraignment.

And even if he did plead a delayed finding of probable cause in his individual case, Mr. Dent does not plead facts allowing us to plausibly infer a basis for municipal liability against Berks County or the City of Reading. Mr. Dent does not plead facts to allow us to plausibly infer Berks County or the City of Reading had so settled a practice of failing to present charged individuals for preliminary hearings that it constitutes a custom under the civil rights laws. Mr. Dent must plead more than an isolated incident to plead this custom.

We dismiss Mr. Dent's claims against the Berks County Sheriff in his official capacity and the City of Reading without prejudice to Mr. Dent timely amending to plead facts allowing us to plausibly infer a basis for municipal liability within our limited jurisdiction.

### C.    We defer deciding whether to abstain on the damages claims.

We may abstain from Mr. Dent's civil rights claims for damages should he be able to plead damages claims against numerous state actors challenging the arrest in the ongoing criminal prosecution. We may not interfere with an ongoing state criminal proceeding through this repetitive action. All requirements for *Younger* abstention are met. But we are directed to stay Mr. Dent's claims for damages by our Court of Appeals should he be able to state a claim against these state actors. We grant him leave to timely amend if he can plead claims for damages against the identified state actors. We can then review whether abstention remains appropriate.

### III.    Conclusion

We abstain from interfering with Mr. Dent's ongoing state criminal prosecution in the Berks County Court of Common Pleas under *Younger*. We dismiss Mr. Dent's requests for injunctive relief and declaratory relief.

We also dismiss the damages claims. We dismiss Mr. Dent's damages claims against the parole agents and Warden Irwin in their official capacities with prejudice as barred by the Eleventh Amendment.  We dismiss Mr. Dent's damages claims against the Berks County Sheriff, Warden Irwin, and Mr. Dent's parole officers in their individual capacities. We afford Mr. Dent an opportunity to amend to plead personal involvement on the part of the Berks County Sheriff and Warden Irwin. We dismiss Mr. Dent's claims against the Berks County Sheriff in his official capacity and against the City of Reading without prejudice to Mr. Dent timely amending to plead facts allowing us to plausibly infer a basis for municipal liability against Berks County and the City of Reading.

We defer deciding whether to stay the damages claims until Mr. Dent pleads claims for damages. We may then stay under *Younger* until after a final order in the state court prosecution.

---

[1] ECF 2 at 2, § IV, ¶ 12.

[2] *Id*. at 25–26.

[3] *Id*. at 26.

[4] *Id*. at 29.

[5] *Id*. at 18 (Judge Parisi declared this seizure lawful under the plain view doctrine, but Mr. Dent does not attach the rest of the opinion).

[6] *Id*. at 3, § IV, ¶ 13.

[7] *Id*.; *see also Dent v. Morris*, No. 22-756, 2022 WL 866849, at *1 (E.D. Pa. March 23, 2022).

[8] ECF 2 at 28.

[9] *Id*. at 56–58.

[10] Criminal Complaint at 4, Berks County Court of Common Pleas No. CP-06-CR-1299-2021.

[11] *See Dent*, 2022 WL 866849, at *2.

[12] *Id*.

[13] *See* Docket No. CP-06-CR-1299-2021 at 4.

Mr. Dent did not plead the entire story based on the public record and the gaps in his narrative are instructive. We must look to the public record. We accessed Mr. Dent's criminal docket in the Berks County Court of Common Pleas through Pennsylvania's Unified Judicial System online. We may properly consider Mr. Dent's state court criminal docket in evaluating Mr. Dent's claims. In addition to the pleading itself, we can review matters of public record. *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). Our Court of Appeals held public records to include criminal case dispositions. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993). Judge Caldwell found judicial opinions and docket sheets are public records, of which the court may take judicial notice. *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017). Judge Paradise Baxter found Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases and took judicial notice of those dockets. *Dean v. Copozza*, No. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013).

[14] *See* Berks County Court of Common Pleas Magisterial District Judge Docket No. MJ-23105-CR-0000416-2020 at 3.

[15] *Id*.

[16] *Id*.

[17] ECF 2 at 3, § IV, ¶ 17.

[18] *Id.* at ¶ 15.

[19] *Id.* at ¶ 11.

[20] *See Dent*, 2022 WL 866849, at *2.

[21] *Id*.; *see also* 35 PA. CONS. STAT. § 780-113(a)(16).

[22] *See* Docket No. CP-06-CR-1299-2021, at 10.

[23] *See id*.

[24] *See Dent*, 2022 WL 866849, at *4.

[25] *See id*. at *4–*5.

---

[26] *Id.* at *11.

[27] *See generally* Docket No. CP-06-CR-1299-2021.

[28] *See* No. 1288 MDA 2023, No. 57 MDM 2022, No. 56 MDM 2022, No. 46 MDM 2022, No. 1529 MDA 2022, and No. 1395 MDA 2022.

[29] *See* Docket No. CP-06-CR-1299-2021, at 15.

[30] *See id.* at 17.

[31] *Id.* at 19.

[32] *Id.* at 26; Pennsylvania Rule of Criminal Procedure 600 sets forth the Commonwealth's calculations required for a prompt trial.

[33] *Id.*

[34] *Id.*

[35] ECF 10.

[36] Congress requires we now screen Mr. Dent's complaint and dismiss it if we determine his action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6). *Elansari*, 779 F. App'x at 1008 (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). We must accept all factual allegations as true and construe those facts in the light most favorable to Mr. Dent to determine whether he states a claim to relief plausible on its face. *Id.* (citing *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)). Mr. Dent must also comply with Federal Rule of Civil Procedure 8 requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings . . . particularly where the *pro se* litigant is imprisoned.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it." *Yogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (quoting *Mala* 704 F.3d at 244). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules–they must abide by the same rules that apply to all other litigants." *Yogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F.3d at 245).

[37] ECF 2 at 11, § VII, ¶ 48.

[38] *Id.* ¶ 49.

[39] *Younger v. Harris*, 401 U.S. 37 (1971).

[40] *Lui v. Comm'n, Adult Ent.*, 369 F.3d 319, 325–26 (3d Cir. 2004).

[41] *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 78–82 (2013) (cleaned up).

[42] *Greco v. Bruck*, No. 21-1035, 2022 WL 1515375, at *3 (3d Cir. May 13, 2022) (citing *Sprint*, 571 U.S. at 81–82).

[43] *See Dent*, 2022 WL 866849, at *5.

[44] *Id.*

[45] *Id.*; *see also Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 40–41 (3d Cir. 2017) ("There are ongoing state criminal proceedings in the Superior Court of New Jersey that are judicial in nature, the state proceedings implicate the important state interest in prosecuting criminal behavior, and the state proceedings provide Jaffery an opportunity to raise federal constitutional defenses to prosecution.").

[46] *Roberts v. Pennsylvania*, No. 22-4829, 2023 WL 6278874, at *7 (E.D. Pa. Sept. 26, 2023).

[47] *Id.* (citation omitted).

[48] *Id.* (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)).

[49] *Sinanan v. Child., Youth & Fam. Div., Cnty. of Northampton, Gov't Agency*, No. 23-2442, 2023 WL 4982252, at *4 (E.D. Pa. Aug. 3, 2023) (quoting *Borowski v. Kean Univ.*, 68 F.4th 844, 850 (3d Cir. 2023)).

[50] ECF 2 at 11, § VII.

[51] *See Dent*, 2022 WL 866849, at *9.

[52] ECF 2 at 9, § VI, ¶ 41.

[53] *Id.* at 2, § III, ¶ 10.

[54] *Id.* at 8, § VI, ¶ 38.

[55] *Doe v. Schorn*, 711 F. Supp. 3d 375, 386 (E.D. Pa. 2024), *appeal dismissed as moot sub nom. Pepper v. Att'y Gen. Pa.*, No. 24-1261, 2024 WL 5102861 (3d Cir. Dec. 13, 2024).

[56] *Com. v. Mathis*, 125 A.3d 780, 783 (Pa. Super. Ct. 2015), *aff'd*, 173 A.3d 699 (Pa. 2017).

[57] *Johnson v. Lightcap*, No. 467, 2008 WL 9405102, at *1 (Pa. Commw. Ct. July 11, 2008).

[58] *Lavia v. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

[59] *Petsinger v. Pa. Dep't of Transp.*, 211 F.Supp.2d 610, 613 (E.D. Pa. 2002) (quoting *O'Hara v. Ind. Univ. of Pa.*, 171 F.Supp.2d 490, 495 (W.D. Pa. 2001)).

---

[60] *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991).

[61] Mr. Dent also alleges violations of various federal and state criminal statutes. ECF 2 at 2, § III, ¶ 10. Mr. Dent cannot bring claims under criminal statutes. *See e.g.*, *Rose v. Husenaj*, No. 16-6705, 2017 WL 6551383, at *1 n.3 (E.D. Pa. Mar. 3, 2017) ("[P]laintiff cannot bring a cause of action under a federal criminal statute[.]"), *aff'd*, 708 F. App'x 57 (3d Cir. 2017); *Clouser v. Shamokin Packing Co.*, 361 A.2d 836, 838 n.1 (Pa. Super Ct. 1976) (same for Pennsylvania criminal statutes).

[62] ECF 2 ¶¶ 50, 51.

[63] *Id.* at 2, § III, ¶ 10.

[64] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[65] *Id.*

[66] *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

[67] ECF 2 at 8, § VI, ¶ 39.

[68] *Id.* at 6, § VI, ¶ 26.

[69] *Id.* at 1, § I, ¶ 4 (errors and capitalizations in original).

[70] *Id.* at 10, § VI, ¶ 43 (errors and capitalizations in original).

[71] *Id.* (errors and capitalizations in original).

[72] Fed. R. Civ. P. 8(d)(1).

[73] ECF 2 at 2, § VI, ¶ 8; 8 § VI, ¶ 38 (errors and capitalizations in original).

[74] *Ransome v. Mooney*, No. 09-604, 2010 WL 4683779, at *9 (M.D. Pa. Oct. 1, 2010), (plaintiff did not allege personal involvement where he claimed the Warden of SCI Dallas generally oversaw cell transfer decisions), *report and recommendation adopted*, 2010 WL 4681003 (M.D. Pa. Nov. 10, 2010).

[75] *Cochran v. Kupchella*, No. 14-199J, 2015 WL 8601573, at *4 (W.D. Pa. Dec. 14, 2015).

[76] ECF 2 at 2, § III, ¶¶ 6–7 (errors and capitalizations in original).

[77] *Id.* at 3, § IV, ¶ 14 (errors and capitalizations in original).

[78] *Id.* at 3, § IV, ¶ 17; 9, § VI, ¶ 41 (errors and capitalizations in original).

[79] U.S. Const. amend. IV.

[80] *Pittman v. McDuffy*, 240 F. App'x 524, 526 (3d Cir. 2007) (citing *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)).

---

[81] *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (quoting *Beck v. Ohio*, 379 U.S. 89, 96 (1964)).

[82] *See* Pa. R. Crim. P. 503, 504.

[83] ECF 2 at 56–58.

[84] Criminal Complaint at 4, Berks County Court of Common Pleas No. CP-06-CR-1299-2021.

[85] *See, e.g.*, *Com. v. Graham*, No. 1512, 2013 WL 11276838, at *4 (Pa. Super. Ct. Feb. 15, 2013) ("Once the criminal complaint was filed, Defendant was preliminarily arraigned.");

[86] Docket No. CP-06-CR-0001299-2021 at 2.

[87] *Cabrera v. Clark*, No. 1:16-392, 2016 WL 1109473, at *6 (M.D. Pa. Mar. 22, 2016).

[88] Mr. Dent's claims against the parole officers in their individual capacities may also be barred by qualified immunity, but "[t]he burden of establishing qualified immunity falls to the official claiming it as a defense." *Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 176 (3d Cir. 2011). If Mr. Dent amends his Complaint to allege individual capacity claims against his parole officers they will have an opportunity to present such a defense on a motion to dismiss.

[89] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

[90] *Id.* at 165.

[91] *See* PA. CONST. ART. IX § 4 ("County officers shall consist of . . . sheriffs"); *see also Morgan v. Rossi*, No. 96-1536, 1998 WL 175604, at *12 (E.D. Pa. Apr. 15, 1998) (finding sheriff to be a county official). The Berks County Sheriff is an elected officer of Berks County.

[92] ECF 2 at 2, § IV, ¶ 11 (errors and capitalizations in original). Mr. Dent also alleges Eighth and Fourteenth Amendment violations on the same facts, but Mr. Dent has not pleaded a delay in finding probable cause so those claims are similarly without merit.

[93] *Id.* at 1, § I, ¶ 4 (errors and capitalizations in original).

[94] *Id.* at 10, § VI, ¶ 43 (errors and capitalizations in original).

[95] *Id.*

[96] *Id.* (errors and capitalizations in original).

[97] *Id.* at 6, § VI, ¶ 26.

[98] *Maldonado v. Rankin*, No. 23-3942, 2023 WL 7386674, at *3 (E.D. Pa. Nov. 8, 2023) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

[99] *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)).

20

[100] *Simpson v. Phila. Sheriff's Off.*, 351 F. Supp. 3d 919, 929 (E.D. Pa. Jan. 7, 2019) (citing *Rode*, 845 F.2d at 1207).

[101] *Hightower v. City of Phila.*, 130 F.4th 352, 356 (3d Cir. 2025).

[102] *Simpson*, 351 F. Supp. 3d at 928.

[103] *Id.* (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995)).

[104] *Monell*, 436 U.S. at 694.

[105] *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991).

[106] *Id.* at 57.

The Pennsylvania Supreme Court, through Rule 519 of the Pennsylvania Rules of Criminal Procedure, requires the Commonwealth to file a complaint against a defendant arrested without a warrant. Pa. R. Crim. P. 519(a)(1). The defendant then must be provided a preliminary arraignment without unnecessary delay to determine probable cause. *Id.* We are unaware of a Berks County policy which allows for warrantless arrestees to be held for more than forty-eight hours without a preliminary arraignment.

[107] ECF 2 at 6, § VI, ¶ 26.

[108] *Id.* at 3, § IV, § 13.

[109] *See* Docket No. CP-06-CR-1299-2021, at 3-4.